24 F.3d 244
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lawrence T. BECK, Plaintiff-Appellant,
v.
Peggy WHEELER; S. Solis; S. Martin; V. Terrian; N.
Green; City of Seattle; Seattle Municipal Court,
Defendants-Appellees.
 No. 92-36714.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1994.
Decided May 13, 1994.
 
 Before: SCHROEDER, BOOCHEVER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lawrence T. Beck appeals pro se the district court's grant of summary judgment on his 42 U.S.C. Sec. 1983 claims of arrest without probable cause, malicious prosecution, and excessive detention.[1]
 
 
 3
 Appellant Beck vigorously challenges various aspects of individual appellees' accounts of the events of June 6, 1989, and we express no view on the ultimate merits of his lengthy battle. Nonetheless, Beck has created no genuine issue of fact as to the content of Wheeler's second telephone call to the police, in which she alleged (accurately or not) that Beck had threatened her with physical harm. Further, Beck concedes that earlier in the evening he had made hostile statements (albeit of disputed content) to Wheeler and that police were aware of them when they received Wheeler's second call. These facts alone provided Seattle police with probable cause to believe that Beck had criminally harassed Wheeler. RCWA 9A.46.020(1) (West 1990). See United States v. Puerta, 982 F.2d 1297, 1300 (9th Cir.1992) (probable cause is knowledge of facts and circumstances sufficient to warrant a prudent person to believe that a suspect has committed a crime); United States v. Bernard, 623 F.2d 551, 560-61 (9th Cir.1979) (separate facts known to several officers can be cumulated to meet probable cause requirement). Washington state law permitted Seattle police to arrest Beck on this misdemeanor charge without first obtaining a warrant. RCWA 10.31.100(1) (West 1990).
 
 
 4
 As a result, Beck has failed to establish a genuine issue warranting a trial as to whether his arrest deprived him of a federally protected right. 42 U.S.C. Sec. 1983. Moreover, he has failed to make any evidentiary showing regarding his allegation that Wheeler acted jointly or in concert with the officers, an element essential to his case against her and one on which Beck would bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir.1989) ("Joint action ... requires a substantial degree of cooperative action."), cert. denied, 493 U.S. 1056 (1990). The district court did not err in both denying plaintiff/appellant's motion for summary judgment and granting defendants/appellees' motion for summary judgment on Beck's claims regarding arrest without probable cause and malicious prosecution.
 
 
 5
 Beck also challenges, on grounds of excessive detention rising to the level of punishment before trial, the actions of Seattle police in keeping him handcuffed and removing his eyeglasses during the two hours he remained in their custody at the police station. We agree with the district court that, in view of the offense with which Beck was charged and the practicalities of the situation, handcuffing him and removing his eyeglasses for safekeeping were practices justified by legitimate safety concerns. As a result, these actions did not constitute punishment or otherwise violate the Constitution. See Bell v. Wolfish, 441 U.S. 520, 535 & n. 16 (1979); Alvarez-Mendez v. Stock, 941 F.2d 956, 962 (9th Cir.1991), cert. denied, 113 S.Ct. 127 (1992). The district court did not err in granting appellees summary judgment on this claim.
 
 
 6
 Appellees have requested costs and fees pursuant to Fed.R.App.Proc. 38 and 28 U.S.C. Sec. 1912. We have discretion to impose them only if we find that Beck's appeal is frivolous because the result is obvious or his arguments are are wholly without merit. Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). Beck has proceeded in good faith and raised legitimate, if unavailing, arguments. We deny appellees' request.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Beck also brought a claim against the municipal defendants for alleged deprivation of the rights to a fair hearing and trial. Since the charges arising from his arrest were ultimately dropped, however, the district court correctly concluded that the fair trial claim is moot, and we discern no fair hearing claim in Beck's brief on appeal